IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Darrell Williams, ) | C/A No.: 3:08-2841-JFA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Chauncey Smith; Michael Patrick Smith; ) | |
| and Howard James Austin, III, ) | |
| individually and in their capacities as ) | |
| Richland County Sheriff's Deputies; ) | ORDER |
| Leon Lott, individually and in his ) | |
| capacity as Richland County Sheriff; ) | |
| Richland County, a governmental entity ) | |
| within the State of South Carolina; and ) | |
| Richland County Sheriff's Department, ) | |
| an agency of Richland County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the court on the defendants' motion for summary judgment [dkt. # 30]. The parties fully briefed the motion and presented oral argument to the court on November 19, 2009. This order serves to memorialize the plaintiff's withdrawal of several claims and announce the court's ruling on those matters taken under advisement.

I.  Factual and Procedural Background

On March 3, 2006, Richland County Deputy Chauncey Smith ("Chauncey Smith") was on routine patrol in Richland County. Approximately 10:30 p.m., Chauncey Smith observed plaintiff Darrell Williams ("Williams") and another man standing in close proximity in front of the Faraway Terrace Apartments, which are posted with signs indicating

"NO TRESPASSING. NO LOITERING. NO SOLICITATION." Chauncey Smith approached the two men and asked them if they lived there. The man standing with Williams indicated that he did and went inside the apartment, leaving Williams with Chauncey Smith. Williams indicated that he did not live in the apartments. The recitation of the facts to this point reflects the agreement of all parties, however from the moment Williams was asked for identification, the parties' versions of the events sharply differ.

According to Williams, Chauncey Smith asked for his identification and handcuffed him, then told him that he was under arrest and was going to go to jail. Williams asserts that he asked Chauncey Smith why he was going to jail twice, and in turn Chauncey Smith used his taser, causing him to fall to the ground. (Williams' Dep. 91:5–17.) Williams alleges that Chauncey Smith thereafter affixed a hobble restraint and left him on the ground. (Williams Dep. 91:5–17.) Williams asserts that Officers Howard Austin ("Austin") and Michael Patrick Smith ("Michael Smith") arrived approximately thirty minutes after he was handcuffed and Austin deployed his taser twice while Williams was bound on the ground, despite complying with the officers' directions. (Williams Dep. 130:1–131:6.)

Each of the officers on the scene disagrees with Williams' version of events in their respective depositions, indicating that only Austin used his taser on Williams and then only while the officers were attempting to handcuff and immobilize him using a hobble restraint. (Austin Dep. 8:14–23, 9:13–16,14:5–10; Chauncey Smith Dep. 9:21–15:7; Patrick Smith Dep. 8:25–12:14.) Each of the officers indicates that Williams was fighting them, kicking

them, and actively resisting arrest.  Id.  The officers aver that Austin used his taser only prior to their handcuffing Williams.  Id.

The parties do not dispute the fact that EMS treated Williams on the scene and he was taken to the emergency room for treatment of abrasions on his face and knees, and complaints of wrist pain.  X-rays revealed no broken bones and the abrasions healed without scarring.

Williams filed this action pursuant to 18 U.S.C. § 1983 against all defendants alleging violations of his First, Fourth, Fifth, Sixth, and Fourteenth Amendment Rights, and separate state court claims for false arrest, assault and battery, negligent hiring and supervision, and outrage.  At the hearing on the defendants' motion, Williams abandoned each of his claims against Chauncey Smith, Patrick Michael Smith, Leon Lott, Richland County, and Richland County Sheriff's Department; accordingly, those claims are dismissed.  Only two claims remain: Williams' § 1983 claim against Austin for excessive force and his claim against Austin for assault and battery.

II.     Discussion

   A.     Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "[T]he mere existence of

some alleged factual dispute between parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987)(emphasis omitted) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986)). A fact is material if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson, 477 U.S. at 248–49. An issue is genuine if the evidence offered is such that a reasonable jury might return a verdict for the nonmovant. Id. at 257. In cases where the parties dispute material facts, as here, "the non-moving party is entitled to have his evidence as forecast assumed, his version of that in dispute accepted, and the benefit of all favorable inferences." Henson v. Liggett Group, Inc., 61 F.3d 270, 275 (4th Cir. 1995). Moreover, the court "may not make credibility determinations or weigh the evidence." Williams v. Staples, Inc., 372 F.3d 662, 667 (4th Cir. 2004).

    B.    Williams Asserts a Constitutional Claim of Excessive Force Pursuant to § 1983

Williams asserts that the officers violated his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights. However, when addressing an excessive force claim brought pursuant to § 1983, the court's analysis must begin by identifying the specific constitutional right allegedly infringed by the challenged application of force. Graham v. Connor, 490 U.S. 386, 394 (1989). Where an individual brings a claim based on the conduct of the officers in seizing the individual, the claim must be analyzed under the Fourth Amendment. Orem v.

Rephann, 523 3d 442, 445–46 (4th Cir. 2008). Where the individual is an arrestee, or the officers have placed him in custody, the court must analyze the claim through the lens of the Due Process Clause of the Fourteenth Amendment. Id., see also Robles v. Prince George's County, 302 F.3d 262, 268 (4th Cir. 2002) ("Once the single act of detaining an individual has been accomplished, the [Fourth] Amendment ceases to apply.").

Taking the facts in the light most favorable to Williams, Austin's alleged unconstitutional conduct occurred after Chauncey Smith completed his seizure of Williams and should be analyzed under the heightened standard of the Fourteenth Amendment. To prevail on an excessive force claim under the Due Process Clause, Williams must show that Austin inflicted unnecessary and wanton pain and suffering. Orem, 523 F.3d at 446; Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998). When considering whether the officer's conduct offends the Constitution, the court must consider the following: (1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted, and (4) whether the force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm. Orem, 523 F.3d at 446.

A reasonable jury could find that Austin's application of his taser under the circumstances was unnecessary, excessive, and not a good faith effort to restore order. First, Williams alleges that at the time of the second and third taser blasts he was complying with law enforcement and that he was bound by his hands and feet. Assumed true for the

5

purposes of this motion, the allegations of such facts minimize the need for any application of force. Second, the "painful and frightening blow" Williams alleged Austin inflicted appears to bear little relation to the force necessary under the circumstances. Third, a taser inflicts shock and pain cognizable under the Fourteenth Amendment, as described in detail in Orem. Fourth, a jury could conclude that the use of the taser on an allegedly bound and compliant arrestee inflicts unnecessary and wanton pain and suffering.

Austin argues that summary judgment is appropriate because Williams suffered only de minimus injury. The Fourth Circuit recently found that the unnecessary and wanton use of a taser should prevent a court from granting summary judgment on the grounds of de minimus injury. Orem, 523 F.3d at 448. The court reasoned that the lack of permanent injury in an excessive force claim involving the use of a taser should not preclude suit, as such "torment without marks" could be characterized as an "impermissible infliction of pain . . . of a sort repugnant to the conscience of mankind" or that "the pain itself will be such that it can properly be said to constitute more than de minimus injury." Id. See also Norman v. Taylor, 25 F.3d 1259, n. 4 (4th Cir. 1994).

The court notes that Austin's version of the sequence of events surrounding Williams' arrest paints a very different picture, one which posits that Williams' level of resistance to the officers' attempts to arrest him justified the use of the taser. While Austin's argument may eventually prevail at a later stage of the proceeding, his argument is inadequate to overcome the summary judgment standard which reveals genuine issues of material fact

6

raised by Williams' deposition and affidavit.

C.  Williams Asserts Assault and Battery

Battery is the actual infliction of any unlawful, unauthorized violence on the person of another, irrespective of its degree. An assault occurs when a person has been placed in reasonable fear of bodily harm by the conduct of the defendant. Gathers v. Harris Teeter Supermarket, Inc., 317 S.E.2d 748 (S.C. App. 1984). Resolving all factual disputes in favor of Williams, the court finds that a jury could infer battery from the actions of Austin, as discussed above. Accordingly, summary judgment as to the state-law assault and battery claims is inappropriate.

D.  Austin Asserts Qualified Immunity

The doctrine of qualified immunity shields Austin "from liability for civil damages insofar as [his] conduct [did] not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, __U.S.__, 129 S.Ct 808, 815 (2009). Qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact. Id. Moreover, "officials are not liable for bad guesses in gray areas, they are liable for transgressing bright lines." Marciariello v. Summer, 973 F.2d 295, 298 (4th Cir. 1992). The court notes that qualified immunity is an immunity from suit rather than a mere defense to liability, and that it is effectively lost if the case is erroneously permitted to proceed to trial. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

In evaluating an assertion of qualified immunity, the court finds useful the two-step analysis wherein the court determines whether (1) the facts alleged by Williams make out a violation of a constitutional right, and (2) whether the conduct of the defendant violates a clearly established right of which a reasonable person would have known. Callahan, 129 S.Ct at 815–18. As discussed above, Williams has alleged sufficient facts from which a jury could find excessive use of force in violation of the Fourteenth Amendment. Accordingly, the court must resolve whether Austin's actions, as alleged by Williams, were clearly proscribed by law in the circumstances of the case.

In analyzing this step, the court must focus on the right within the context of the specific conduct being challenged. Pritchett v. Alford, 973 F.2d 307 (4th Cir. 1992). Defense counsel argued at the hearing on this motion that at the time of the alleged acts, the Fourth Circuit had not decided Orem and that the use of a taser under the circumstances was not clearly proscribed. However, Williams' right at issue was his right to be free from excessive force under the Fourteenth Amendment and, specifically, his right to be free from taser blasts when he had been bound hand and foot and was complying with law enforcement requests. The court finds that the right of an individual to be free from such taser blasts under the circumstances alleged by Williams was clearly established at the time, under the Due Process Clause of the Fourteenth Amendment. Moreover, under the facts as this court must view them, the court finds that no reasonable officer could believe that tasering a bound and compliant arrestee passes constitutional muster.

III. Conclusion

While the facts in this case are sharply in dispute, at the current stage of the proceedings, the court must defer to Williams' version of the disputed events. Based on the his testimony, a jury could determine Williams more credible than the officers and find in his favor. Accordingly, the court denies Austin's motion for summary judgment as to the excessive force claim pursuant to § 1983, as well as the assault and battery claims.

The trial of this case will proceed as scheduled during the January/February 2010 term of court. Jury selection will take place on January 12, 2010.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

December 2, 2009  Joseph F. Anderson, Jr.
Columbia, South Carolina  United States District Judge